E-FILED
Monday, 16 March, 2026 12:33:48 PM
Clerk, U.S. District Court, ILCD

## IN THE
## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

ARTHUR BROWN,
　　　Plaintiff,

v.

TYRONE BAKER, *et al.*,
　　　Defendants.

Case No. 4:25-cv-04233-JEH

### Merit Review Order

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II

Plaintiff files suit against Defendants Warden Tyrone Baker, Medical Director Dr. Osmundson, and Nurse Practitioners Kramer and Shinn.

On May 2, 2024, Plaintiff fell out of his top bunk and was injured. Plaintiff was transported to the hospital where he received fifteen stitches, a CT scan, and other medical treatment. Plaintiff alleges the hospital physician stated a fall from that height for a man of Plaintiff's size could have cost him his life. Plaintiff claims Defendant Warden Baker failed to ensure safe conditions of confinement.

On May 3, 2024, Plaintiff informed Defendant Kramer he was experiencing headaches, dizziness, occasional blackouts, neck pain, and back pain and requested antibiotics. Defendant Kramer allegedly sent Plaintiff back to his cell without the antibiotic the hospital physician had prescribed or any pain medication.

On May 7, 2024, Plaintiff submitted a medical request form, reported the same symptoms, and requested antibiotics. Plaintiff also submitted a request form to see a mental health professional because he was having nightmares and trouble sleeping.

On May 8, 2024, Plaintiff received Tylenol from Nurse Casey, the Director of Nurses. On May 12, 2024, Plaintiff told Nurse Casey the Tylenol was ineffective.

On May 14, 2024, Plaintiff noticed the skin was beginning to heal over his stitches. Plaintiff's job supervisor called the Health Care Unit ("HCU"). The same day, Plaintiff was called to the HCU to have his stitches removed. Nurse Paula and Defendant Kramer had to cut his skin to remove the stitches, which resulted in pain and suffering. Plaintiff alleges his stitches were removed almost a week late, and Defendants Dr. Osmundson, Kramer, and Shinn failed to provide for the removal of his stitches in a timely manner.

While his stitches were being removed, Plaintiff told Defendant Kramer and Nurse Paula he was experiencing headaches, dizziness, occasional blackouts, neck pain, and back pain. Plaintiff received ibuprofen and Tylenol.

2

On May 29, 22024, Plaintiff submitted another medical request form and reported the same symptoms. Plaintiff also submitted another mental health request form.

On May 30, 2024, Plaintiff saw Defendant Kramer, who told Plaintiff nothing could be done for a brain injury. Defendant Kramer referred Plaintiff to Defendant Dr. Osmundson.

On June 5, 2024, Plaintiff saw Defendant Dr. Osmundson and reported headaches, dizziness, and occasional blackouts. Defendant prescribed migraine medication and ordered an x-ray. Ms. Rapp, a mental health professional, informed Plaintiff she would refer him to the psychiatrist.

On June 6, 2024, Plaintiff received an x-ray. Defendant Dr. Osmundson reviewed the x-ray and ordered a new high contrast CT scan.

On October 22, 2024, Plaintiff was sent to an outside medical provider who performed a regular CT scan instead of the high contrast CT scan.

### III

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837). Plaintiff's allegations are sufficient to proceed on an Eighth Amendment claim against Defendants Dr. Osmundson and Kramer based on their alleged deliberate indifference to the treatment of his injuries after his fall from the top bunk on May 2, 2024.

Plaintiff fails to state a claim against Defendant Nurse Practitioner Shinn. Plaintiff alleges Defendant Shinn failed to provide for the removal of his stitches in a timely manner. (Doc. 1 at p. 8, ¶ 34). There is no other reference to Defendant Shinn in Plaintiff's Complaint. Plaintiff does not allege that he informed Defendant Shinn his skin was healing over the stitches or that she was responsible for removing them. Defendant Shinn is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff's allegations are also insufficient to state a claim against Defendant Warden Baker. Plaintiff alleges Defendant Baker "violated [his] rights under the Eighth Amendment by failing to secure safe conditions of confinement." *Id.* at ¶ 30. There is no other reference to Defendant Baker in Plaintiff's Complaint. Plaintiff did not include any specific allegations to demonstrate that Defendant Baker was personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendant Baker cannot be liable based only on his supervisory role as Warden. *Doe v. Purdue Univ.*,

4

928 F.3d 652, 664 (7th Cir. 2019). Defendant Baker is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

IV

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Plaintiff did not indicate what attempts he made to obtain counsel. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on an Eighth Amendment claim against Defendants Dr. Osmundson and Kramer based on their alleged deliberate indifference to the treatment of his injuries following his fall

from the top bunk on May 2, 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)    Defendants Tyrone Baker and Shinn are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendants Baker and Shinn.

3)    Plaintiff's Motion to Request Counsel [4] is DENIED.

4)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5)    The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6)    Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not

filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7)      If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)      This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)      Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court

7

of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)    Plaintiff shall be provided with a copy of all pertinent medical records upon request.

12)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: March 16, 2026

s/Jonathan E. Hawley
U.S. District Judge