E-FILED
Wednesday, 10 June, 2026  03:14:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARTHUR BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-cv-4233 |
| | ) | |
| KURT OSMUNDSON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**SCHEDULING ORDER**

Plaintiff, proceeding pro se, pursues this civil rights action. All
Defendants have been served, and there are no pending issues requiring
discussion. Accordingly, this case is ready for scheduling deadlines.

This case is entering the discovery phase, which means that each party
should be seeking admissible evidence to support the party's claims or
defenses. In general, Federal Rules of Civil Procedure 26-37 govern discovery
between the parties. Federal Rule of Civil Procedure 45 governs discovery from
nonparties.

Facilitating the discovery process in pro se cases can be difficult, and
this Order is being issued in an effort to help explain and streamline the
process for the parties to the extent possible. The parties should carefully read
this order, which contains important information on deadlines, discovery, and
the Court's procedures. Failure to follow the instructions in this order may
result in sanctions, including dismissal of this case.

**IT IS ORDERED:**

1.      If not already filed, answers are due as specified in the Federal

Rules of Civil Procedure, unless otherwise directed by the Court or the Central District's Local Rules.

2.      Amendments to a complaint are governed by Federal Rule of Civil Procedure 15. Leave of Court is required to file an amended complaint more than 21 days after an Answer or other responsive pleading is filed. Fed. R. Civ. P. 15(a). If Plaintiff seeks to file an amended complaint, he must file a motion to do so, attaching the proposed amended complaint. The proposed amended complaint must stand complete on its own, including exhibits. The amended complaint, if accepted, will replace the prior complaint in its entirety. Plaintiff should explain in his motion for leave to file an amended complaint how the amended complaint differs from the complaint on file. Any motions for leave to amend the complaint shall be filed within 90 days of this Order.

3.      The parties are reminded of their option to consent to proceed before a U.S. Magistrate Judge. (See attached consent form). The Court recommends serious consideration of this option. Given this Court's heavy docket and full calendar of hearings and trials, consent to a U.S. Magistrate may result in a faster disposition and trial date than this Court can provide.

4.      If exhaustion of administrative remedies is required under 42 U.S.C. Section 1997e(a) for Plaintiff's claims, motions for summary judgment on exhaustion are due within 30 days of this order. Discovery will not be stayed unless Defendants file a motion to stay discovery.

5.      Within 30 days of the entry of this order, Plaintiff shall provide the following to Defendants' counsel, not to the Court:

A. The names of the persons with knowledge of the relevant incidents whom Plaintiff may use to support his claims, along with a short description of what each person knows;

B. Copies of documents Plaintiff possesses which Plaintiff may use to support his claims;

C. Any information Plaintiff has to help identify the Doe defendants, if Doe Defendants are named;

D. A statement of the injuries Plaintiff suffered and the relief Plaintiff seeks.

6. Within 45 days of the entry of this order, Defendants shall provide to Plaintiff, to the extent not already possessed by Plaintiff or provided to Plaintiff:

A. The names and working addresses of the persons with knowledge of the relevant incidents whom Defendants may use to support their defense, along with a short description of what each person knows;

B. Plaintiff's relevant medical records;

C. Plaintiff's relevant grievances and all responses to those grievances;

D. Relevant incident reports and disciplinary committee decisions;

E. The identity of any Doe defendants, if Doe defendants are named. If Defendants are unable to ascertain the identity of

a Doe Defendant, Defendants shall produce to Plaintiff any information relevant to assisting Plaintiff to identify the Doe Defendant.

F. Copies of any other documents, whether paper or electronically stored, which Defendants may use to support their claims or defenses.

7. Within 10 days of receiving from Defendants' counsel an authorization to release medical records that are relevant to Plaintiff's claims or Defendants' defenses, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

8. The parties are under a continuing obligation to supplement or correct the disclosures ordered above, as well as any discovery responses. Fed. R. Civ. P. 26(c). This means the parties must update the information they have provided as additional information becomes available.

9. If Plaintiff has named Doe defendants, Plaintiff must file a motion to substitute the real name of any "Doe" defendant within 60 days of the entry of this order or risk dismissal of the Doe defendant without prejudice unless good cause for the failure can be shown.

10. If Plaintiff plans to use expert testimony, Plaintiff's expert disclosures under Federal Rule Civil Procedure 26(a)(2) are due to Defendants within 60 days of this order.

11.    If Defendants plan to use expert testimony, Defendants' expert disclosures under Federal Rule Civil Procedure 26(a)(2) are due to Plaintiff within 90 days of this order. The disclosures are not filed in Court.

12.    Plaintiff's indigency and detention may effectively limit Plaintiff's discovery to written requests for information. Written discovery to Defendants includes requests for the production of documents (Fed. R. Civ. P. 34), interrogatories (Fed. R. Civ. P. 33), and requests for admission (Fed. R. Civ. P. 36). In general, the federal rules give 30 days for a party to respond to discovery requests. Discovery requests and responses are not filed with the Court, unless they are the subject of a motion to compel.

13.    Fed. R. Civ. P. 33(a)(1) allows parties to serve no more than 25 written interrogatories, including subparts. Rule 26(b) provides that leave to increase this number may be granted upon a showing of good cause.

14.    Oral depositions are limited to the deposition of Plaintiff, subject to a motion by Defendants to take additional depositions. If Defendants seek to take additional depositions, they must arrange for Plaintiff to participate in the deposition by phone or video, or to arrange for Plaintiff to participate through written questions under Federal Rule of Civil Procedure 30(c)(3).

15.    If a Defendant objects to a discovery request for security reasons or for a reason listed under Fed. R. Civ. P. 26(b)(1)(C), then the Defendant must file a motion for a protective order under Rule 26(b)(1)(C) and/or a motion for an *in camera* inspection. The motion is due within the deadline for responding to the discovery request.

16.    The parties are responsible for obtaining and serving their own subpoenas to obtain information from nonparties. If Plaintiff seeks a subpoena, Plaintiff must file a motion requesting the issuance of a subpoena. The motion must set forth the addressee of the subpoena, the information Plaintiff seeks, and a short description of the relevance of the information. Plaintiff is responsible for serving the subpoena and complying with Federal Rule of Civil Procedure 45. CDIL-LR 45.1; *see also* Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012)(subpoena seeking documents may be served by certified mail).

17.    Written discovery requests must be mailed to a party at least 30 days before the discovery deadline.

18.    A party opposing a motion must timely file a response to the motion. If no response is timely filed, the presiding judge will presume there is no opposition to the motion. Replies to responses are not allowed without the Court's permission, unless the reply is filed after a response to a summary judgment motion.

19.    Discovery requests and responses are not filed with the court. CDIL-LR 26.3(A). Plaintiff must mail his discovery requests directly to Defendants' counsel and not file the requests with the Court or the Clerk. Discovery requests sent to the Clerk or Court will be returned unfiled, unless those requests are attached to and the subject of a motion to compel.

20.    A motion to compel cannot be filed until after a party has failed to adequately respond to a discovery request. Additionally, motions to compel

must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request. Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response. The party filing the motion must explain exactly what information he or she seeks and why the response was inadequate. A motion to compel which does not contain this information may be stricken.

21.    If a motion to compel is granted, the Court may award the reasonable expenses incurred in bringing the motion to compel if the party filing the motion tried in good faith to obtain the discovery without the Court's involvement and the objection to disclosure was not substantially justified.

22.    Plaintiff is advised that the costs of litigation, including discovery, are not paid by the Court, even though Plaintiff is proceeding in forma pauperis. The in forma pauperis statute does not allow the Court to waive or pay other expenses of litigation.

23.    Plaintiff is not entitled to a free transcript of his deposition. However, Defendants must attach Plaintiff's entire deposition transcript to a summary judgment motion if Defendants rely on Plaintiff's deposition testimony in their motion.

24.    A final pretrial conference and trial will be scheduled if necessary after the Court rules on motions for summary judgment.

25.    If a party seeks action by the Court, a filing should be titled as a motion stating the specific action the party seeks. Every filing must have the case name and number on the first page. In general, only motions and

responses to motions should be filed, unless otherwise directed by the Court. Replies to responses are not allowed without the Court's permission unless the reply is filed after a response to a summary judgment motion. CDIL-LR 7.1(B)(3); 7.1(D)(3). Random exhibits and letters will not show as pending on the Court's docket and will not be considered by the Court. Repetitive or duplicate motions will be stricken.

26.    Plaintiff is advised not to send originals of any document to the Clerk or Court because after the Clerk scans a document into the electronic filing system, the document is destroyed.

27.    If Plaintiff is detained or incarcerated in a facility equipped with electronic filing capability, Plaintiff must file documents with the Clerk electronically.

28.    Plaintiff is responsible for making and keeping his own copies of filings. If Plaintiff seeks a copy of a filing from the Clerk, Plaintiff must identify the filing and pay 50 cents per page for the copy, up front.

29.    Plaintiff must keep the Clerk informed in writing of Plaintiff's current address and, if released from detention, Plaintiff's phone number. Failure to do so will result in dismissal of this case, with prejudice.

30.    **Discovery closes December 10, 2026.**

31.    **Summary judgment motions are due January 11, 2027.** A summary judgment motion by Defendants which relies on Plaintiff's deposition or medical records must attach the complete copy of the deposition and the complete medical records for the relevant time period. If no response to the

summary judgment motion is filed, the motion will be considered uncontested. The response to a summary judgment motion must be supported with more than just the allegations made in the complaint. The response must be supported with evidence, which may include: affidavits made on personal knowledge; documents in the record; and information provided during discovery. The response must address each proposed undisputed fact and state whether Plaintiff agrees or disagrees with the proposed fact. If Plaintiff disagrees with the proposed fact, Plaintiff must explain why and attach evidence to support Plaintiff's version. Replies to responses to summary judgment motions are allowed but must be limited to addressing new matters raised in the response and not restating arguments already raised in the motion for summary judgment. CDIL-LR 7.1(D)(3). After a reply is filed, the briefing on the summary judgment motion is closed. A response to a reply is generally not permitted.

ENTERED: June 10, 2026.

*s/Jonathan E Hawley*

JONATHAN E. HAWLEY
UNITED STATES DISTRICT JUDGE
